IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**TORIAN GAITHER,**

      Plaintiff,

v.                                     Civil Action No. **3:12CV630**

**STEPHEN J. WEISBROD,**

      Defendant.

## REPORT AND RECOMMENDATION

Torian Gaither, a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this 42 U.S.C. § 1983 action.[1]  The matter is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.  Jurisdiction is appropriate pursuant to 28 U.S.C. §§ 636(b) and 1343. For the reasons that follow, it is RECOMMENDED that Gaither's claims be DISMISSED.

### Preliminary Review

Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A.  The first standard includes claims based upon "'an indisputably meritless legal theory,'" or claims where the "'factual contentions are clearly baseless.'"  *Clay v. Yates,* 809 F. Supp. 417, 427

---

[1] The statute provides, in pertinent part:

> Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

(E.D. Va. 1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citation omitted). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face" rather than merely "conceivable." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). In

2

order for a claim or complaint to survive dismissal for failure to state a claim, therefore, the

plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I.

DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft

Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th

Cir. 2002)).  Lastly, while the Court liberally construes *pro se* complaints, *see Gordon v. Leeke,*

574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte*

developing statutory and constitutional claims the inmate failed to clearly raise on the face of his

complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring);

*Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### Summary of Allegations

This action commences on Gaither's Amended Complaint ("Complaint" (ECF No. 18)).

Gaither names as defendant Stephen J. Weisbrod, the attorney who represented him during his

criminal proceeding in the Circuit Court of the City of Hampton.  (Compl. 4.)[2]  Gaither contends

that Weisbrod provided ineffective assistance of counsel in violation of Gaither's rights under

the Fifth,[3] Sixth,[4] and Fourteenth[5] Amendments of the United States Constitution.  (*Id.* at 4-5.)

Specifically, Gaither alleges that Weisbrod, "act[ing] under color of state law," failed to advocate

---

[2] The Court uses the pagination assigned by the Court's CM/ECF docketing system for citations to Gaither's Complaint.  The Court corrects the spelling and capitalization in quotations from Gaither's Complaint.

[3] "No Person shall be . . . deprived of life, liberty, or property without due process of law . . . ." U.S. Const. amend. V.

[4] "In all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. Const. amend. VI.

[5] "No State shall . . . deprive any person of life, liberty, or property without due process of law . . . ." U.S. Const. amend. XIV § 1.

3

zealously and loyally for Gaither at trial, failed to object to an "insufficient" indictment, and "failed to provide notice of the cause and nature of the charges against [Gaither]." (*Id.* at 4.) Gaither also alleges that Weisbrod "failed to prepare a defense" and failed to honor Gaither's "desire to remain silent." (*Id.* at 5.) Gaither demands monetary damages and injunctive relief by "judge [and] jury." (*Id.* at 6.)

### Analysis

In order to state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him or her of either a constitutional right or a right conferred by a law of the United States. *See Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998) (citing 42 U.S.C. § 1983). Private attorneys and public defenders do not act under color of state or federal authority when they represent defendants in criminal proceedings. *See, e.g.*, *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); *Cox v. Hellerstein*, 685 F.2d 1098, 1099 (9th Cir. 1982) (holding that private attorneys do not act under color of state or federal law when representing clients). Accordingly, it is RECOMMENDED that the action be DISMISSED.

Gaither is advised that he may file specific written objections to the Report and Recommendation within fourteen (14) days of the date of entry hereof. Such objections should be numbered and identify with specificity the legal or factual deficiencies of the Magistrate Judge's findings. Failure to timely file specific objections to the Report and Recommendation may result in the dismissal of his claims. *See* Fed. R. Civ. P. 72(b). It may also preclude further review or appeal from such judgment. *See Carr v. Hutto*, 737 F.2d 433, 434 (4th Cir. 1984).

The Clerk is DIRECTED to send a copy of the Report and Recommendation to Gaither.

M. Hannah Lauck
United States Magistrate Judge

Date: 11/15/13
Richmond, Virginia